IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION



COYOTE LOGISTICS, LLC,

    Plaintiff,

v.

ORR TRUCKING, INC. AND
BRIAN KEITH ORR,

    Defendants.

CIVIL ACTION
FILE NO.

## VERIFIED COMPLAINT

COMES NOW, Plaintiff Coyote Logistics, LLC ("Plaintiff"), by and through the undersigned counsel, and files this Verified Complaint against Defendants Orr Trucking, Inc. and Brian Keith Orr (collectively "Defendants"), showing the Court as follows:

## PARTIES, VENUE AND JURISDICTION

1.    This Court has jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1337, with respect to the first cause of action in that it arises out of issues of interstate commerce under the laws or treaties of the United States with an amount in dispute exceeding $10,000, exclusive of interest and costs. Plaintiff respectfully requests this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the second through fourth causes of action.

-1-

2.      Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 960 Northpoint Parkway, Suite 150, Alpharetta, Georgia 30005.

3.      Plaintiff is a wholly owned subsidiary of United Parcel Service, Inc., which is a corporation incorporated under the laws of the State of Ohio, and whose principal place of business is located at 55 Glenlake Parkway, NE, Atlanta, Georgia 30328.

4.      Plaintiff is a property broker licensed by the United States Department of Transportation, Federal Motor Carrier Safety Administration ("FMCSA"), to arrange for the transportation of freight by for-hire motor carriers in interstate or foreign commerce.

5.      Defendant Orr Trucking, Inc. ("Defendant Orr Trucking") operates as a for-hire motor carrier of property in interstate commerce subject to the jurisdiction of and operating pursuant to a registration issued by the FMCSA.

6.      Defendant Orr Trucking is a corporation incorporated under the laws of the State of Tennessee, and whose principal place of business is located at 2020 Belmar Street, Memphis, Tennessee.

7.      Defendant Orr Trucking may be served via its registered agent, Brian Keith Orr, 2020 Belmar Street, Memphis, Tennessee 38106.

8.     Defendant Orr Trucking may also be served via its FMCSA registered agent, SKB Trucking Permits & Logistics, Inc., Mitchell & Associates, 4100 Westgate Drive, Knoxville, Tennessee 37921.

9.     Defendant Brian Keith Orr ("Defendant Orr") is a citizen and resident of the State of Tennessee, and he may be served at 2020 Belmar Street, Memphis, Tennessee 38106 or wherever he may be found.

10.     At all times relevant, Defendants conducted and transacted business with Plaintiff in the State of Georgia.

11.     Venue is proper, and this Court has jurisdiction over Defendants, based on Defendants conducting and transacting business with Plaintiff in Georgia, and pursuant to the contractual agreement between the parties.

## RELEVANT FACTS

12.     On or about May 10, 2023, Plaintiff, in its capacity as a broker and on behalf of its customer/shipper (The Toro Company), tendered a shipment of consumer products to Defendants to be picked up from the customer/shipper in Plymouth, Wisconsin and delivered to the consignee in Marietta, Pennsylvania (the "Cargo"). A true and accurate copy of the Cargo Rate Confirmation is attached hereto as Exhibit "1" and made a part hereof.

13.    At the time Plaintiff tendered the Cargo to Defendants, the Cargo was in good order and condition, all goods were present, and no exceptions were made by Defendants related to the Cargo.

14.    While in Defendants' care, custody, and control in transit, the Cargo was discovered missing and has never been recovered.

15.    Defendants failed to deliver any of the Cargo shipment to the consignee.

16.    The Cargo owner submitted a claim for the missing Cargo to Plaintiff in the amount of $155,120.08.  A true and accurate copy of the Cargo Claim is attached hereto as Exhibit "2" and made a part hereof.

17.    Plaintiff submitted the claim for the missing Cargo to Defendants. However, Defendants have failed to pay the Cargo claim despite due and proper demand for the same.

18.    Plaintiff was required to pay the Cargo claim presented by the Cargo owner.  A true and accurate copy of the Check Payment by Plaintiff to the Cargo owner is attached hereto as Exhibit "3" and made a part hereof.

19.    All rights to recover for the missing Cargo caused by Defendants have been assigned and belong to Plaintiff.  A true and accurate copy of the Assignment

of Claim by the Cargo owner to Plaintiff is attached hereto as Exhibit "4" and made a part hereof.

### FIRST CAUSE OF ACTION
### Liability Pursuant to the Carmack Amendment,
### 49 U.S.C. § 14706, et seq.

20.     Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation contained in paragraphs 1 through 19, inclusive.

21.     At the time Plaintiff tendered the interstate Cargo shipment to Defendants, all of the Cargo was in good order and condition, all goods were present, and no exceptions were made by Defendants related to the Cargo.

22.     While in Defendants' care, custody, and control in transit, the Cargo was discovered missing and has never been recovered.

23.     Defendants failed to deliver any of the Cargo shipment to the consignee.

24.     Defendants' obligations of interstate transportation of the Cargo as a motor carrier are, and at all material times herein were, governed by the Carmack Amendment, 49 U.S.C. § 14706, et seq. ("Carmack Amendment"), under which Defendants owed the highest degree of care in relation to the Cargo. Defendants breached their statutory obligations under the Carmack Amendment, and Defendants are strictly liable for the Cargo loss and damages.

25.     Plaintiff was required to pay the Cargo claim presented by the Cargo owner and, thereafter, Plaintiff received an Assignment of Claim from the Cargo owner.

26.     All rights to recover against Defendants under the Carmack Amendment or otherwise by the Cargo owner have been completely assigned to Plaintiff.

27.     As a direct and proximate result of Defendants' acts or omissions damages were incurred by Plaintiff in the liquidated amount of $155,120.08.

## SECOND CAUSE OF ACTION
### Liability for Breach of Contract

28.     Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation contained in paragraphs 1 through 27, inclusive.

29.     Defendants executed a Broker-Carrier Agreement with Plaintiff having an effective date of October 25, 2021.  The agreement was in effect on the date of the underlying Cargo loss.  A true and accurate copy of the Broker-Carrier Agreement is attached hereto as Exhibit "5," and made a part hereof.

30.     At all times relevant, the Broker-Carrier Agreement was the governing contract of carriage between Plaintiff and Defendants related to the Cargo shipment and Cargo loss.

31.   Plaintiff, in its capacity as a broker and on behalf of its customer/shipper (The Toro Company), tendered the Cargo shipment to Defendants to be picked up from the customer/shipper in Plymouth, Wisconsin and delivered to the consignee in Marietta, Pennsylvania.

32.   Defendants agreed to transport the Cargo to the consignee, and to care for, protect, handle, transport, discharge, and deliver the Cargo in the same good order and condition in which Defendants received the Cargo, as more specifically set forth in the Broker-Carrier Agreement.

33.   Defendants breached the Broker-Carrier Agreement with Plaintiff by failing to deliver the Cargo shipment to the consignee, and by allowing the Cargo to go missing while in Defendants' care, custody, and control in transit.

34.   Pursuant to the Broker-Carrier Agreement, Defendants assumed liability for the full actual loss of the Cargo, and Defendants agreed to indemnify and hold harmless Plaintiff from all loss or damage to the Cargo.

35.   The Cargo owner submitted a claim for the missing Cargo to Plaintiff in the amount of $155,120.08 and thereafter, Plaintiff submitted the claim for the missing Cargo to Defendants.

36.    Defendants breached the Broker-Carrier Agreement with Plaintiff by failing to pay for the Cargo claim despite due and proper demand for the same by Plaintiff.

37.    Plaintiff was required to pay the Cargo claim presented by the Cargo owner.

38.    All rights to recover for the missing Cargo caused by Defendants have been assigned and belong to Plaintiff.

39.    Plaintiff has performed all conditions precedent to the Broker-Carrier Agreement.

40.    As a direct and proximate result of Defendants' breach of the Broker-Carrier Agreement, damages were incurred by Plaintiff in the liquidated amount of $155,120.08.

### THIRD CAUSE OF ACTION
### Negligence

41.    Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation contained in paragraphs 1 through 40, inclusive.

42.    Plaintiff, in its capacity as a broker and on behalf of its customer/shipper (The Toro Company), tendered the Cargo shipment to Defendants to be picked up from the customer/shipper in Plymouth, Wisconsin and delivered to the consignee in Marietta, Pennsylvania.

-8-

43.   Defendants owed a duty to safeguard, care for and protect, and deliver the Cargo shipment in same good order and condition as when the Cargo was picked up by Defendants.

44.   Defendants breached their duty and were negligent in failing to safeguard, care for and protect, and deliver the Cargo in the same good order and condition as when the Cargo shipment was picked up by Defendants.

45.   Defendants breached their duty and were negligent in allowing the Cargo to go missing while in Defendants' care, custody, and control in transit and failing to deliver the Cargo shipment to the consignee.

46.   As a direct and proximate result of Defendants' negligence, damages were incurred by Plaintiff in the liquidated amount of $155,120.08.

## FOURTH CAUSE OF ACTION
### Attorney's Fees and Litigation Costs

47.   Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation contained in paragraphs 1 through 46, inclusive.

48.   Defendants have acted in bad faith in the underlying transaction, been stubbornly litigious, and caused unnecessary trouble and expense related to the Cargo damages owed by Defendants.

49.   Pursuant to O.C.G.A. § 13-6-11, Plaintiff is entitled to recover all of its reasonable attorneys' fees and litigation costs from Defendants.

50.    Plaintiff also seeks recovery of all of its attorneys' fees and litigation costs, and pre- and post-judgment interest, pursuant to the Broker-Carrier Agreement signed by the parties.

WHEREFORE, Plaintiff prays for judgment on its Verified Complaint as follows:

(a) For a trial by jury;

(b) For a judgment against Defendants for the liquidated damages suffered by Plaintiff in the current amount of not less than $155,120.08;

(c) For a judgment against Defendants for pre- and post-judgment interest, as well as all of its reasonable attorneys' fees and litigation costs and expenses incurred by Plaintiff in the prosecution of this civil action against Defendants; and

(d) For such other and further relief this Court deems just and proper.

Respectfully submitted, this 22nd day of December, 2023.

MCMICKLE, KUREY & BRANCH, LLP

By: /s/ Scott W. Zottneck
KEVIN P. BRANCH, ESQ.
Georgia Bar No. 111839
SCOTT W. ZOTTNECK, ESQ.
Georgia Bar No. 700008
For the Firm
*Attorneys for Plaintiff*

217 Roswell Street, Suite 200
Alpharetta, Georgia 30009
Telephone: (678) 824-7800
Facsimile: (678) 824-7801

16951

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

COYOTE LOGISTICS, LLC,

     Plaintiff,

v.

ORR TRUCKING, INC. AND
BRIAN KEITH ORR,

     Defendants.

CIVIL ACTION
FILE NO.

## **VERIFICATION**

Personally appeared before the undersigned, an officer duly authorized by law to administer oaths, RICK HOOD, Director of Claims, authorized representative of Coyote Logistics, LLC, who being duly sworn states under oath that to the best of his knowledge, understanding, and belief the facts set forth in the above complaint are true and correct.

_Rick Hood_
RICK HOOD

Sworn to and subscribed before me
this _22_ day of December, 2023.

_____
NOTARY PUBLIC
My commission expires:

16951